F I L E D
Clerk
District Court

OCT 27 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                         )<br>                        Plaintiff         )<br>                                                         )<br>            v.                                       )<br>                                                         )<br>RICARDO S. ATALIG,                  )<br>                                                         )<br>                        Defendant    )<br>_____) | Criminal Case No. 02-00027<br><br>ORDER AFTER<br>REMAND DENYING<br>RESENTENCING |

THIS MATTER is before the court from the U.S. Court of Appeals for the Ninth Circuit, which remanded the sentence "for further proceedings consistent with United States v. Ameline, 409 F.3d 1073, 1074 (9th Cir. 2005) (*en banc*)." The mandate issued October 11, 2005, and was received by the court on October 19, 2005.

THE COURT has reviewed the court file, the presentence report, and the sentence imposed upon defendant, and also has an independent recollection of this public corruption jury trial.

Had the court known at the time that it sentenced this elected-official

defendant that the sentencing guidelines were advisory, it might very well have imposed a materially different, and considerably harsher, sentence. However, because defendant was sentenced to the maximum sentence then provided by the guidelines, and in the interests of finality, of fairness and certainty of punishment to defendant, and to maintain respect for the criminal process, the court declines to resentence defendant for the following reasons.

Defendant Ricardo S. Atalig was an elected senator of the Commonwealth Legislature at the time he committed the 27 crimes for which he was convicted. His criminal scheme involved other Commonwealth senators and consisted of variations of the "ghost employee" ruse, whereby the senators would evade nepotism and ethical constraints by "hiring" each other's relatives on the public payroll to "work" at non-existent jobs. This defendant senator "hired" the daughter of a fellow senator as a full-time Commonwealth government employee, even though the young woman was actually attending college full-time in the U.S. Territory of Guam while receiving two government-funded academic scholarships.

This defendant violated federal laws, profoundly betrayed the public trust reposed in him by the voters, and helped pervert the moral sensibilities of the young people of the Commonwealth by initiating them into a political culture of criminal behavior and utter disregard for the moral obligations and ethical duties imposed upon, and rightfully expected from, the Commonwealth's elected officials.

Defendant's arrogance and failure to genuinely accept personal responsibility existed up to and including the time of sentencing.

Given the other considerations stated above for not resentencing defendant, the court remains persuaded that its original sentence substantially meets the goals of 18 U.S.C. § 3553. That is, the sentence was adequate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for this defendant. The court believes that the sentence of imprisonment, restitution of almost $40,000.00, and three years supervised release provided an adequate deterrent to criminal conduct by others inclined to follow in defendant's felonious footsteps. The court further believes that removing defendant from society adequately protects the public from further crimes of this defendant. Finally, defendant's sentence requires him to participate in a prisoner financial management program, which should provide him with needed educational training.

Should defendant wish to appeal this order, he "may file a notice of appeal as provided in Fed.R.App. 4(b)." United States v. Ameline, 409 F.3d at 1085.

DATED this 27th day of October, 2005.

_____
ALEX R. MUNSON
Judge